**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1401**

EDITH MARLENE MEDRANO,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: December 29, 2016      Decided: January 18, 2017

Before TRAXLER, FLOYD, and HARRIS, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Bernard A. Joseph, Senior Litigation Counsel, Christina J. Martin, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edith Marlene Medrano, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal of the immigration judge's oral decision denying her request for a continuance in her removal proceedings and ordering her removed from the United States. We dismiss the petition for review for lack of jurisdiction.

Based on her counseled admissions before the immigration judge, Medrano was found removable on two grounds, including as an inadmissible alien who had been convicted of a crime involving moral turpitude. See 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2012). Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction to review the final order of removal of an alien convicted of certain enumerated crimes, including a crime involving moral turpitude. In this circumstance, we retain jurisdiction only over colorable constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D) (2012); see Turkson v. Holder, 667 F.3d 523, 526–27 (4th Cir. 2012); Gomis v. Holder, 571 F.3d 353, 358 (4th Cir. 2009) ("[A]bsent a colorable constitutional claim or question of law, our review of the issue is not authorized by [8 U.S.C. §] 1252(a)(2)(D).").

Medrano asserts in her brief that the immigration judge violated due process in adjudicating her request for a continuance. Upon review, we find this claim is not

2

sufficiently colorable to invoke this court's jurisdiction. See, e.g., Jian Pan v. Gonzales, 489 F.3d 80, 84 (1st Cir. 2007) ("To trigger our jurisdiction, the putative constitutional or legal challenge must be more than a disguised challenge to factual findings. The underlying constitutional or legal question must be colorable; that is, the argument advanced must, at the very least, have some potential validity."). Accordingly, we dismiss the petition for review for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED